**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America, | Case No.: 2:22-cr-00073-JAD-BNW |
| Plaintiff | |
| v. | **Order Denying Motion for Compassionate Release** |
| Sattanakona Durant, | [ECF No. 36] |
| Defendant | |

Sattanakona Durant is roughly 26 months into a 41-month sentence after pleading guilty to unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g)(1).[1] He moves pro se for compassionate release, arguing that the Ninth Circuit held § 922(g)(1) unconstitutional in *United States v. Duarte* and that, because of this "intervening change of the law," there exists an extraordinary and compelling circumstance warranting compassionate release.[2] Because Durant's argument about the constitutionality of § 922(g)(1) is wrong, I find that no such circumstance exists and deny his request for compassionate release.

**Discussion**

A sentencing court's ability to modify or reduce a sentence once imposed is seriously limited.[3] The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018,[4] is an exception to this limitation. It allows the sentencing judge to

---

[1] ECF 32 at 1; ECF No. 36 at 1.

[2] *United States v. Duarte*, 101 F.4th 657, 662 (9th Cir.), *reh'g en banc granted, vacated*, 108 F.4th 786 (9th Cir. 2024).

[3] *See United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (exploring Federal Rules of Criminal Procedure 35 and 36); 18 U.S.C. § 3582(c).

[4] The First Step Act of 2018, § 603(b), Pub. L. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018).

reduce a sentence based on "extraordinary and compelling reasons" after the defendant has failed to get the Bureau of Prisons to bring such a motion on his behalf.[5] The court must consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable," and any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."[6]

The court may entertain an inmate's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) only (1) "after [he] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" on his behalf or (2) after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[7] This exhaustion requirement is mandatory, and an inmate's failure to satisfy it is "a glaring roadblock foreclosing compassionate release."[8] But Durant does not address this exhaustion requirement anywhere in his motion, and the government provides contradictory statements about whether Durant has complied with it.[9]

Even if I assume that Durant exhausted the administrative process before filing this motion, I still deny it for the separate and independent reason that he has not demonstrated that his compassionate release is warranted. Durant relies on the Ninth Circuit's decision in *United States v. Duarte*,[10] in which a three-judge panel held that, in light of the Supreme Court's

---

[5] 18 U.S.C. § 3582(c)(1)(A)(i).

[6] *Id.*

[7] *Id.*

[8] *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (holding that failure to comply with § 3582(c)(1)(A)'s exhaustion requirement bars relief).

[9] In the government's response in opposition to Durant's motion for compassionate release, it says both that Durant "appears to have demonstrated that he exhausted administrative remedies" and that "Durant has not met this requirement." ECF No. 39 at 3.

[10] *United States v. Duarte*, 108 F.4th 786 (9th Cir. 2024) (en banc).

ruling in *New York State Rifle and Pistol Association v. Bruen*,[11] § 922(g)(1) is unconstitutional when applied to non-violent felons.[12] He argues that, under *Duarte*, he lacks the criminal history that justifies the permanent deprivation of his Second Amendment rights, so his sentence is unconstitutional and "a fundamental miscarriage of justice."[13] But the *Duarte* decision he cites was vacated after the Ninth Circuit granted the government's petition for a rehearing en banc,[14] and "a decision that has been vacated has no precedential authority whatsoever."[15] Because the panel's decision in *Duarte* is no longer good law, there has been no "intervening change of law" to support his compassionate release.

## Conclusion

IT IS THEREFORE ORDERED that Sattanakona Durant's motion for compassionate release **[ECF No. 36] is DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
February 25, 2025

---

[11] *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022).

[12] ECF No. 36 at 2.

[13] *Id.*

[14] *Duarte*, 108 F.4th at 786.

[15] *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1424 (9th Cir. 1991) (emphasis omitted).